Nott, J.,
delivered the opinion of the court:
This case is presented upon the following agreed statement of facts:
1. That prior to November 1,1866, claimant was one of a class of special agents who were stationed in different parts of the country, but whose labors were in nowise confined to the place where they were stationed; but by order of the Post-Office Department he was called to Washington and assigned to the duties of superintendent of route-agents, and was thus employed from the 1st of November, 1866, to the 30th of June 1867; and for the performance of that duty he was assigned an office and a desk in the Post-Office building in Washington, at which place the route-agents, whose duties he superintended, made their reports to him, and at which place he corresponded with those agents and wrote the letters of instruction and information to them, as shown by the press-copies of the letters-written by him to said route-agents during that period.
2. That in the discharge of his dutiés he was sometimes *319 called away from Washington, bat most of the time be was at bis said office in Washington.
3. That bis salary was paid monthly, as were the salaries of all the employés and officers of the Department.
Upon these facts two objections are founded: 1st, that, tinder the decision of this court in Marche’s Case, (5 C. Cls. R., p. 525,) the functions of the claimant’s office did not lie within an Executive Department at the seat of the G-overnment; and, 2d, that his suit, which was not brought until the 28th of June, 1873, is, with the exception of one month’s pay, barred by the statute of limitations.
As to the first objection, it appears to the court that the case is distinguishable from that of Marche. The claimant was indeed one of a class of officers whose duties were not confined to the place where they were stationed; but on the 1st November, 1866, 11 by order of the Post-Office Department, he was called to Washington and assigned to the duty of superintendent of route-agents.” Therefore the question is not whether a special agent of the Post-Office, casually stationed at Washington, was entitled to the twenty per cent., but whether a person performing the duties of “superintendent of route-agents” was,, in the language of the Joint Resolution, “ employed in the civil service of the United States at Washington.” The agreed statement of facts answers this question, and shows that the functions of this office, or quasi office, were actually at the seat of the Government and within the Post-Office Department. Whether such an office existed de jure it is not necessary to-inquire; for Congress based the increased compensation not upon the office, but úpon the employment, and expressly provided that where no salary was fixed by law, the allowance should be made upon the pay actually received.
As to the second question, it has been determined in the lioenty per cent. Gases, recently decided, in favor of the claimant.
The judgment of the court is that the claimant recover-$213.33.
Drake, O. J., declined to take part in the decision, for the-reason stated by him in the Twenty per cent. Oases.